13 CIV 1008

PAWAR LAW GROUP P.C.
20 Vesey Street, Suite 1210
New York, New York 10007
212 571 0805 (phone)
*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
ALPHA JALLOH,

                                Plaintiff,                              COMPLAINT

               -against-                                    Jury Demand

THE CITY OF NEW YORK, KENNETH
HINES,

                                Defendants.
-----------------------------------------------------------x



        Plaintiff ALPHA JALLOH (hereinafter "Plaintiff") by and through his attorneys, Vikrant Pawar, and Robert Blossner, Esqs., respectfully alleges as follows:

## PRELIMINARY STATEMENT

1.     Plaintiff brings this action for compensatory damages, punitive damages and attorney's fees pursuant to 42 U.S.C. §1983 and 1988 for violations of their civil rights, as secured by statutes and the Constitution of the United States.

## JURISDICTION

2.     The action is brought pursuant to 42 U.S.C. §1983 and 1988, and the Fourth, Eighth and Fourteenth Amendments to the United States and New York Constitutions and under New York state laws.

3.     Jurisdiction is found upon 28 U.S.C. §§1331, 1343 and 1367.

## VENUE

4. Venue is properly laid in the Southern District of New York under 28 U.S.C. § 1391(b), in that it is the District in which the claim arose.

## JURY DEMAND

5. Plaintiff respectfully demands a trial by jury of all issues in the matter pursuant to Fed. R. Civ. P. 38 (b).

## CONDITIONS PRECEDENT

6. Plaintiff has duly complied with conditions precedent to this lawsuit by duly and properly filing a notice of claim within ninety (90) days of the occurrences of the events giving rise to this lawsuit.

## PARTIES

7. Plaintiff is a Liberian refugee who is a lawful resident of the United States, and at all relevant times was a resident of the County of Bronx, State of New York.

8. Defendant City of New York (hereinafter "City") was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

9. Defendant Kenneth Hines is an officer assigned to the 44th precinct and is sued in his individual and official capacities and is alleged to have acted under the color of state law.

## FACTS

10. Plaintiff is a 25 year old male who came into this country as a refugee from Liberia.

11. On November 10, 2012, at approximately 5:30 a.m., plaintiff left his pregnant wife home and started the work-day as a livery cab driver.

12. Plaintiff was waiting in line to get gas from a gas station around the corner from his house and within the confines of the 44th precinct.

13. After waiting in line for an hour, plaintiff was directed to a station to pump gas by defendant Hines.

14. When plaintiff got out of his car to pump gas, he saw defendant Hines coming towards him and yelling obscenities.

15. Plaintiff could not understand why defendant Hines was yelling at him and asked him the reason behind his tirade.

16. Defendant Hines told plaintiff that he could not pump gas and had to leave.

17. As frustrated as plaintiff was, he decided to get back inside his car and drive away.

18. However, the moment he stepped inside his car, he was dragged out by defendant Hines, thrown to the ground and subjected to assault by defendant Hines.

19. Defendant Hines went as far as pepper-spraying plaintiff and causing him injuries.

20. Defendant Hines then handcuffed plaintiff and threw him inside the squad car awaiting back-up as plaintiff lingered in pain from the beating and pepper-spray.

21.     After over an hour, back-up arrived, took plaintiff our of the squad car and asked plaintiff if he was pepper-sprayed, when plaintiff responded in the affirmative, the other officers simply said "good" and let plaintiff sit there for another 30 minutes.

22.     Soon thereafter, plaintiff was transported to the 44th precinct, where the desk sergeant on duty would not allow plaintiff to be "taken-in" because of his injuries and directed defendant Hines to bring him to the hospital.

23.     Plaintiff was taken to Bronx Lebanon hospital in the emergency room but defendant Hines refused to allow him to be treated and instead brought him back to the precinct three (3) hours later.

24.     Plaintiff was processed, finger-printed and then taken to central booking where he was released a little after 1 a.m. All the while plaintiff was unable to make a phone-call to his wife who was unaware of plaintiff's whereabouts, denied treatment and unlawfully held for close to 18 hours.

## Federal Claims

### AS AND FOR A FIRST CAUSE OF ACTION
(Excessive force)

25.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "24" with the same force and effect as if fully set forth herein.

26.     Defendant Hines dragged plaintiff from his car, threw him to the ground without any provocation and used pepper-spray on plaintiff without any justification.

27.     As a result of defendant's conduct, Plaintiff suffered injuries.

4

## AS AND FOR A SECOND CAUSE OF ACTION
(Violation of Eighth and Fourteenth Amendment Rights)

28. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "27" with the same force and effect as if fully set forth herein.

29. Plaintiff was suffering from the beating and pepper spraying by defendant Hines, yet he was denied treatment even after directed to do so by the desk sergeant.

30. Yet, defendants ignored his pleas and subjected him to further pain and were deliberately indifferent to plaintiff's medical needs and condition.

## AS AND FOR A THIRD CAUSE OF ACTION
(Violation of Fourth Amendment Rights)

31. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "30" with the same force and effect as if fully set forth herein.

32. Plaintiff was false imprisoned for more than eighteen (18) hours and suffered restrain to his liberty in violation of his rights secured under the Fourth Amendment.

33. As a result of defendant Hines' conduct, plaintiff suffered injuries.

### State Law Claims

## AS AND FOR A FOURTH CAUSE OF ACTION

(Negligent Screening, Hiring, and Retention under the laws of the State of New York)

34. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraph numbered "1" through "33" with the same force and effect as if fully set forth herein.

35. Upon information and belief, defendant City failed to use reasonable care in the screening, hiring and retention of the aforesaid individual defendants who conducted and participated in the violation of Plaintiff' rights.

### AS AND FOR A FIFTH CAUSE OF ACTION
(Negligence under the laws of the State of New York)

36. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "35" with the same force and effect as if fully set forth herein.

37. Plaintiff's injuries herein were caused by the carelessness, recklessness and negligence of the defendants and their employees and agents, who were on duty and acting in the scope of their employment when they engaged in the wrongful conduct described herein.

### AS AND FOR A SIXTH CAUSE OF ACTION
(*Respondeat Superior* liability under the laws of the State of New York)

38. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "37" with the same force and effect as if fully set forth herein.

39. Defendant City is vicariously liable for the acts of its employees and agents who were on duty and acting in the scope of their employment when they engaged in the wrongful conduct described herein.

### AS AND FOR A SEVENTH CAUSE OF ACTION
(Assault under the laws of the State of New York)

40. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "39" with the same force and effect as if fully set forth herein.

41. As a result of the foregoing, Plaintiff was placed in apprehension of imminent harmful and offensive bodily contact.

42. As a result of defendants' conduct, Plaintiff has suffered physical pain and mental anguish, together with shock, fright, apprehension, embarrassment, and humiliation.

## AS AND FOR AN EIGHTH CAUSE OF ACTION
(Intentional and Negligent Infliction of Emotional Distress under the laws of New York)

43. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "42" with the same force and effect as if fully set forth herein.

44. The aforementioned conduct was extreme and outrageous, and exceeded all reasonable bounds of decency.

45. The aforementioned conduct was committed by defendants while acting within the scope of their employment by defendant City.

46. The aforementioned conduct was committed by defendants while acting in furtherance of their employment by defendant City.

47. The aforementioned conduct was intentional and for the sole purpose of causing severe emotional distress to Plaintiff.

48. As a result of the aforementioned conduct, Plaintiff suffered severe emotional distress, physical and mental injury, together with embarrassment, humiliation, shock, fright, and loss of freedom.

49. As a result of these actions, Plaintiff suffered injuries.

**WHEREFORE**, Plaintiff demands judgment and prays for the following relief, jointly and severally, against the defendants:

(A) full and fair compensatory damages in an amount Five Hundred Thousand Dollars for each and every cause of action for Plaintiff against defendants (individually or collectively) or as determined by a jury;

(B) punitive damages in an amount to be determined by a jury;

(C) reasonable attorney's fees and the costs, expenses and disbursements of this action; and

(D) such other and further relief as appears just and proper.

Dated: New York, New York
       February 11, 2013

                                    PAWAR LAW GROUP P.C.
                                    20 Vesey Street, Suite 1210
                                    New York, New York 10007
                                    (212) 571-0805

                                  By: _____
                                    Vikrant Pawar (VP9101)
                                    Robert Blossner (RB0526)
                                    *Attorneys for Plaintiff*